# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Melvin Turner,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:13-872 |
| v. | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| **Rafel Lopez, et al.,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court is a report and recommendation filed by Judge Carlson on July 30, 2013, to which no objections have been filed. (Doc. No. 27). [1] In his report, Judge Carlson recommends that Defendant Wayne Memorial Hospital's (Wayne) motion to dismiss, (Doc. No. 12), be granted, without prejudice. Upon review, the court will **ADOPT IN ITS ENTIRETY** Judge Carlson's report and recommendation and **GRANT** Defendant Wayne's motion to dismiss.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply

---

[1] This court granted the plaintiff additional time to file objections until September 12, 2013, (Doc. No. 30). However, in lieu of filing objections, the plaintiff filed a document on August 22, 2013, which has been construed by the court as a concurrence in Judge Carlson's recommendation. (Doc. No. 31).

*Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Judge Carlson determined numerous grounds for dismissing Defendant Wayne from this matter, including Local Rule 7.6 regarding unopposed motions, Fed. R. Civ. Pro. Rule 41, and failure to state a claim under which relief can be granted. As to the final reason, Judge Carlson thoroughly discusses how the plaintiff's *Bivens* claim fails given the status of Defendant Wayne as a private hospital, but also fails because of non-compliance with the substantive rules of Pennsylvania Civil Procedure, namely Pa. R. C. P. Rule 1042.3. That rule requires a plaintiff to submit a certificate of merit from an appropriate licensed professional stating the professional's opinion about the basis of the claim. Pa. R. C. P. Rule 1042.3. No such certificate has been submitted in this case. (Doc. No. 1). This court has reviewed the complaint and, even liberally construing the language in light of plaintiff's *pro se* status, it fails to make out a valid claim against Defendant Wayne. (Id.).

This is consistent with Judge Carlson's determination that the plaintiff concurs with the motion to dismiss. As such, for the reasons articulated in Judge Carlson's report and recommendation, the motion to dismiss Defendant

Wayne from this action is **GRANTED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 10, 2013**