## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELVIN TURNER,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-872** |
| v. : | **(MANNION, D.J.)** |
| | **(CARLSON, M.J.)** |
| **RAFEL LOPEZ,** *et al.*, : | |
| **Defendants** : | |

## **MEMORANDUM**

Pending before the court is a report and recommendation filed by Judge Carlson on October 11, 2013, (Doc. No. 34), to which the plaintiff has filed an objection. (Doc. No. 35). In his report, Judge Carlson recommends that plaintiff's Eighth Amendment claim be dismissed. The plaintiff's objection does not contest that he failed to respond to the motion to dismiss or that he failed to prosecute the case, but asks this court to allow the case to proceed on the merits. The court will construe this as an objection to Judge Carlson's determination that the plaintiff's claim fails as a matter of law.

### **I. FACTUAL BACKGROUND**

On July, 21, 2011, the defendant, Doctor Rafel Lopez, operated on the plaintiff's prostate gland. The plaintiff alleges that the defendant performed the wrong procedure, cutting the underside of his penis. (Doc. No. 1). As a result of the surgery, the plaintiff's penis now has a hole in it and is enlarged. He also alleges he now urinates uncontrollably, wetting his body and clothing

constantly. The plaintiff alleges the defendant admitted fault and said he could correct the errant procedure, but his contract with the Board of Prisons was terminated before he could do so. (Doc. No. 1). He is seeking $25,000 in damages and wants the prison to schedule a follow-up surgery to correct the issues with his penis. (Doc. No. 36).

### II. PROCEDURAL BACKGROUND

This case commenced on April 5, 2013 when the plaintiff filed his complaint alleging violation of his Eighth Amendment rights and also other state law tort claims. (Doc. No. 1). The original complaint named two defendants, but on October 10, 2013, Wayne Memorial Hospital was dismissed from this action. (Doc. No. 33). The remaining defendant filed his motion to dismiss, (Doc. No. 19), and brief in support on July 16, 2013. (Doc. No. 20). The plaintiff did not file a brief in opposition to the defendant's motion. Judge Carlson filed his report and recommendations on July 30, 2013. (Doc. No. 34). The plaintiff filed an objection to the report and recommendations on October 15, 2013. (Doc. No. 35).

### III. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v.*

*Astrue,* 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**IV. DISCUSSION**

In order to establish an Eighth Amendment claim based upon allegations of denial of proper medical care, an inmate must demonstrate a deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97 (1976). This standard requires both deliberate indifference on the part

3

of the prison officials and a serious medical need on the part of the prisoner. *See* [West v. Keve, 571 F.2d 158 (3d Cir. 1978)](#).

A deliberate action is one which is intentional, requiring the actor to have knowledge of the events attributed to the injury and the ability to control the outcome. "To establish a constitutional violation, the indifference must be deliberate and the actions intentional." [Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)](#). A mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives, does not support an Eighth Amendment claim. [Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988)](#). *See* [McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977)](#); [Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976)](#). A medical need is "serious" where it has been "diagnosed by a physician as mandating treatment," or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." [Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990)](#) (citing [Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347( 3d Cir 1987)](#)), *cert. denied*, [500 U.S. 956 (1991)](#). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional deprivation. [Whitley v. Albers, 475 U.S. 312 (1986)](#); [Davidson v. Cannon, 474 U.S. 344 (1986)](#). In [Daniels v. Williams, 474 U.S. 327, 332 (1986)](#), the Court noted that "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person."

4

Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations. *See generally* *Wilson v. Seiter*, 501 U.S. 294 (1991).

Further, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, the federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. *See Ellison v. Scheipe*, 570 F. Supp. 1361, 1363 (E.D. Pa. 1983); *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. *Farmer v. Carlson, supra,* 685 F. Supp. at 1339.

This case mirrors the circumstance found in *Gillespie v. Hogan*, 182 F. App'x 103 (3d Cir. 2006). In that case, the defendant dentist negligently removed the tooth of a prisoner, leaving part of the tooth in his gums for over a year. *Id.* at 104. This caused the prisoner significant pain and hardship while the tooth fragment remained embedded in his mouth. *Id.* at 105. The Third Circuit held that the negligent oral surgery did not rise to the level of "deliberate indifference" required for a 42 U.S.C. §1983 claim. *Id.*

Here, the plaintiff's allegations do not rise to the level of "deliberate indifference" necessary for his civil rights action to proceed to the merits. The

court acknowledges the plaintiff has alleged a significant hardship in his uncontrolled urination, his enlarged penis, and the hole left from the surgery. However, the plaintiff's surgery and follow-up exams, even liberally construed, amounts to no more than negligent treatment. Without more, "mere allegations of malpractice do not raise issues of constitutional import," and the plaintiff's claim must fail. *Lanzaro*, 834 F.2d at 346.

Any other claims the plaintiff has remaining are tort claims arising under state law. Under 28 U.S.C. §1367(a), "[o]nce the claims are dismissed under the Court's original jurisdiction, the Court has discretion whether to hear any remaining [state law] claims." *Lahaza v. Azeff*, 790 F.Supp. 88, 93-94 (E.D. Pa. 1992). As the court's jurisdiction arose under 42 U.S.C. §1983, no other federal claims exist. As such, the court declines to exercise its supplemental jurisdiction and any tort action arising from the defendant's alleged negligence are dismissed as well.

Beyond this determination, the court agrees with Judge Carlson that dismissal is further appropriate given the plaintiff's failure to oppose the motion to dismiss, his failure to prosecute the case, and his failure to follow the Pennsylvania Rules of Civil procedure in filing a certificate of merit to support his negligence claims. Pa.R.C.P. No. 1042.3.

**V. CONCLUSION**

For the reasons discussed above, Judge Carlson's report and recommendation, (Doc. No. 34), is **ADOPTED IN FULL**. The plaintiff's Eighth Amendment claim brought pursuant to 42 U.S.C. §1983 is **DISMISSED WITH PREJUDICE**. All other state law tort claims are **DISMISSED WITHOUT PREJUDICE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 9, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-872-02.wpd